**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HARCO NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-CV-464-JHP-TLW |
| JANET ROE, TIMOTHY ROE, AND SHELBY ROE, | ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Before the Court are (1) Defendants' Motion to Dismiss (Doc. No. 9), (2) Plaintiff's Motion for Summary Judgment (Doc. No. 22), (3) Defendants' supplemental Motion to Dismiss and/or Motion for Summary Judgment (Doc. No. 24), and (4) Plaintiff's Motion to Consolidate (Doc. No. 14). After consideration of the briefs, and for the reasons stated below, Defendants' Motions to Dismiss are **GRANTED**. Accordingly, Plaintiff's and Defendants' cross-Motions for Summary Judgment, and Plaintiff's Motion to Consolidate, are **MOOT**.

## BACKGROUND

Harco National Insurance Company ("Harco") filed this declaratory judgment action in this Court against their insureds, Defendants Janet Roe, Timothy Roe, and Shelby Roe (collectively, "Defendants"). Harco seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 regarding Defendants' legal rights under an insurance policy issued by Harco.

The material facts regarding the underlying incident are undisputed. On August 19, 2009, Timothy Roe test drove a commercial truck owned by Frontier International Trucks. (Doc.

1

No. 2, ¶ 7). Shelby Roe, Timothy Roe's minor daughter, was a passenger. (*Id.*). During the test drive, another motorist struck Timothy Roe's vehicle, causing injuries to both Timothy and Shelby Roe. (*Id.*). The commercial truck was covered by an automobile policy ("Policy") with uninsured/underinsured motorist coverage ("UM/UIM") issued by Harco. (*Id.* ¶ 8; Doc. No. 2-1 (Policy)). The Policy indicates that the UM/UIM coverage amounted to a combined single limit of $500,000.00 on each accident, and that the Defendants qualified as "insureds" under the Policy. (Doc. No. 2-1 (Policy), at Garage Declarations (p. 150 of 162); Doc. No. 2-2 (Policy Exhibits), at Oklahoma Uninsured Motorists Coverage (B) (p. 21 of 131)).

On October 30, 2009, Timothy Roe filed a claim with Harco for UM/UIM benefits through his attorney, Mark Stanley. (Doc. No. 2, ¶ 9). Harco paid $500,000 to Timothy Roe in three installments, making the final payment in May 2013. (*Id.* ¶ 10). On May 1, 2013, Timothy Roe and Janet Roe executed a release agreement, which released Harco from all liability under the Harco policy as a result of the August 19, 2009 accident. (*Id.* ¶ 11).

In 2014, Mark Stanley sent Harco a letter regarding Shelby Roe's claim arising out of the August 19, 2009 accident, seeking $31,303.39 in medical damages. (Doc. No. 2, ¶ 12). On January 13, 2014, Harco notified Mr. Stanley that the UM/UIM combined single coverage limit of $500,000 per accident was exhausted by the payment of Timothy Roe's UM/UIM claim. (*Id.* ¶ 13). Harco maintains it has no duty to pay any money to Shelby Roe, as the UM/UIM policy limit has been exhausted by payment to Timothy Roe. Harco seeks a declaratory judgment "that it is under no obligation to pay any further sums of money to Defendants Timothy Roe, Janet Roe, and/or Shelby Roe arising from the vehicular accident that occurred on August 19, 2009." (Doc. No. 2, ¶ 25). Defendants agree that the Policy limit has been exhausted in favor of Timothy Roe but argue Harco nonetheless had a duty to apportion payment to Shelby Roe.

Defendants argue Harco had notice of Shelby Roe's claim as early as May, 2011, before the Policy limit was exhausted in Timothy Roe's favor.

Harco filed this declaratory judgment action in this Court on August 18, 2015. On August 24, 2014, Shelby Roe filed a related case in Rogers County Court alleging breach of contract: *Shelby Roe v. Safeco Insurance Company of America and Harco National Insurance Company*, Rogers County Case No. CJ-2015-313. On September 14, 2015, Defendants moved to dismiss Harco's declaratory judgment action pursuant to Federal Rule of Civil Procedure 12(b)(6), based on the concurrent Rogers County case. (Doc. No. 9). Defendant urge the Court to decline to exercise jurisdiction over Harco's declaratory judgment action. Harco removed the Rogers County case to this Court on October 1, 2015, Case No. 15-CV-558-JHP-PJC. Harco then filed a Response in this case, opposing dismissal. (Doc. No. 10). Harco also moved to consolidate both cases (Doc. No. 14), which Defendants oppose. On December 14, 2015, the parties held a Status and Scheduling Conference before the Court, at which the Court granted the parties leave to file additional briefing. (*See* Doc. No. 19). In accordance with the Court's grant of leave, Harco filed a Motion for Summary Judgment (Doc. No. 22), and Defendants filed a supplemental Motion to Dismiss and/or Cross-Motion for Summary Judgment (Doc. No. 24). The parties were granted leave to file supplemental briefs regarding the motions to dismiss and cross-motions for summary judgment in August, 2016. (Doc. No. 29, 30). The motions are now fully briefed and ripe for review.

## DISCUSSION

### I.      Motions to Dismiss

#### A.      Standard of Review

The Declaratory Judgment Act "confers upon courts the power, but not the duty, to hear claims for declaratory judgment." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 980 (10th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)); *Pub. Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Therefore, whether to entertain a declaratory judgment action is a matter committed to the trial court's sound discretion. *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1274 (10th Cir. 1989) (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)).

When deciding whether to hear a declaratory judgment action, the court should weigh the following factors: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). Because this matter involves two cases in the same federal court, the fourth and fifth factors do not apply.

#### B.      Analysis

Defendants argue in their Motion to Dismiss (Doc. No. 9) that Harco's action for declaratory judgment should be dismissed, because no controversy exists between the parties as

4

to whether Harco has paid its limits in full. Shelby Roe "acknowledges that Harco paid policy limits in full to Defendant Timothy Roe." (Doc. No. 9, at 2). Defendants argue the real controversy between Shelby Roe and Harco is whether Harco, having notice of Shelby Roe's claim, had an obligation to investigate and evaluate Shelby Roe's claim and fairly apportion to her a portion of the policy limits, and whether Harco's failure to do so constitutes bad faith. (*Id.*). Defendants assert this controversy is being decided in the related action, *Shelby Roe v. Safeco Insurance Company of America and Harco National Insurance Company*, Case No. 15-CV-558-JHP-PJC. Defendants urge the Court, applying the five-part test as set forth in *Mhoon*, to decline to exercise jurisdiction over Harco's declaratory judgment action in favor of Shelby Roe's related suit.[1]

In response, Harco argues dismissal of this action would violate the "first-to-file" rule—"when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citing *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328 (10th Cir. 1972)). Jurisdiction relates back to the filing of the complaint. *Id.* Here, Harco's action for declaratory judgment was filed in this Court on August 18, 2015, and Shelby Roe's case was filed in state court on August 24, 2015. Applying this rule, Harco asserts that, to the extent these cases involve the same issues, Harco's case should be the one to survive dismissal. Harco argues its claim for declaratory judgment remains an active controversy, because it seeks a judgment that it is under no obligation to pay any further sums to any of the Defendants based on the August 19, 2009 accident, despite Shelby Roe's claim for additional payment under the policy. Harco points

---

[1] Defendants ask the Court to apply the five factors set forth in *Scottsdale Insurance Company v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2009). Because the Tenth Circuit applies identical factors, as set forth in *Mhoon*, 31 F.3d at 983, the Court will refer to these factors as the "*Mhoon* factors."

out that any claims Defendants have against it arising from the August 19, 2009 accident must be brought as a compulsory counterclaim in this action, thereby preserving Defendants' rights. *See* Fed. R. Civ. P. 13(a). Harco further asserts that, given the removal of Shelby Roe's case to federal court, Defendants' Motion to Dismiss is moot.

Defendants' supplemental Motion to Dismiss (Doc. No. 24) essentially repeats the arguments of their original Motion to Dismiss. With respect to the first-to-file rule, Defendants argue they could not file an action in state court until Shelby Roe's claim was denied by Harco, a fact Defendants discovered only when they received Harco's Complaint for Declaratory Judgment in this case.

Applying the first three *Mhoon* factors, the Court concludes it should decline to retain jurisdiction over Harco's action. The first and second factors, whether a declaratory judgment would settle the controversy between the parties or serve a useful purpose in clarifying the legal relations at issue, weigh in Defendants' favor. In this case, Harco seeks a declaratory judgment

> that Harco's Policy provided UM/UIM coverage with a combined single limit of $500,000.00 each accident, that the Policy limit of UM/UIM coverage was exhausted by the payments made to Defendant Timothy Roe, and that Harco is not obligated to pay Defendant Shelby Roe's damages arising from the same accident based upon the language of the Policy and the limitations in 36 O.S. § 3636.

(Doc. No. 2, ¶ 26). In her Petition against Harco and Safeco Insurance Company of America, Shelby Roe alleges breach of contract and a breach of a duty to apportion benefits to Shelby Roe by Harco. (Doc. No. 2, at Ex. 1 (Petition), ¶¶ 8-9, in Case No. 15-cv-558).

Defendants in this case do not dispute that the $500,000 Policy limit was exhausted by payment to Timothy Roe. Defendants argue, however, that Harco's action will not settle the question of any duty to apportion payment to Shelby Roe. Defendants refer to Shelby Roe's case

as the "bad faith action." Although bad faith is not alleged in Shelby Roe's Petition, presumably Defendants seek the opportunity to raise the issue of bad faith by Harco.

Based on the allegations in Harco's Complaint and Shelby Roe's Petition, the Court concludes Harco's declaratory judgment action will not settle all disputes between the parties, such as Shelby Roe's potential bad faith allegations and the issue of any damages arising therefrom. Nor will Harco's action serve a useful purpose in clarifying the legal relations at issue. However, Shelby Roe's case will resolve the disputed issue raised in Harco's declaratory judgment action, namely, whether Harco is obligated to pay Shelby Roe any damages arising from the August 19, 2009 accident. For this reason, Harco's declaratory judgment action is "unnecessarily duplicative and uneconomical," and the first two factors weigh against exercising jurisdiction over Harco's case. *Mid-Continent*, 685 F.3d at 982.

The third factor is whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*." This factor typically examines whether the party seeking a declaratory judgment has engaged in "questionable actions." *Mid-Continent*, 685 F.3d at 984. As Harco points out, the first-to-file rule permits a district court to decline to exercise jurisdiction over a later-filed action when a complaint raising the same issues against the same parties has previously been filed in another court. *Hospah*, 673 F.2d at 1163. However, "the first-to-file rule is not entitled to 'mechanical application.'" *Id.* at 1164. For example, the first court to obtain jurisdiction may decline to follow the first-to-file rule if the suit was filed "'for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction.'" *Obsolete Ford Parts v. Ford Motor Co.*, 306 F. Supp. 2d 1154, 1157 n.4 (W.D. Okla. 2004) (quoting *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Georgia,* 1999 WL 682883 (10th Cir. Sept. 2, 1999))

7

Here, Defendants contend the first-to-file rule should not apply, because Harco's declaratory judgment Complaint was the first notice they received that Shelby Roe's claim for coverage had been denied. Defendants did not submit any evidence in support of this assertion. Hargo argues Defendants engaged in procedural fencing by filing a state court action rather than a counterclaim in Harco's case. Given that both Harco's action and Shelby Roe's action are now before this Court, any concerns about procedural fencing by either side are now moot. The Court finds this factor to be neutral.

Considering the relevant *Mhoon* factors, the Court concludes the first and second weigh against exercising jurisdiction in this case, and the third is neutral. Accordingly, the Court declines to exercise jurisdiction over Harco's declaratory judgment action, and Defendants' Motion to Dismiss (Doc. No. 9) and supplemental Motion to Dismiss (Doc. No. 24) are granted.

## II.   Cross-Motions for Summary Judgment and Motion to Consolidate Cases

Because the Court declines to exercise jurisdiction over Harco's declaratory judgment action, the cross-Motions for Summary Judgment (Doc. Nos. 22, 24) and Harco's Motion to Consolidate Cases (Doc. No. 14) are moot.

## CONCLUSION

For the reasons detailed above, Defendants' Motion to Dismiss (Doc. No. 9) and supplemental Motion to Dismiss (Doc. No. 24) are **GRANTED.** In light of the dismissal of this action, Harco's Motion for Summary Judgment (Doc. No. 22), Defendants' Motion for Summary Judgment (Doc. No. 24), and Harco's Motion to Consolidate Cases (Doc. No. 14) are **MOOT**.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma